```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
ENRIQUE SIMMONS,

            Petitioner,

    - against -                          89 Cr. 341 (JES)

UNITED STATES OF AMERICA,                **SUMMARY ORDER**

            Respondent.
-------------------------------X
```

The above-captioned action having come before the Court, and petitioner having pleaded guilty to conspiring to distribute crack, in violation of 21 U.S.C. § 846, and to using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), on November 3, 1989, and the Court having sentenced petitioner on April 23, 1990 to 322 months' imprisonment to be followed by five years of supervised release, and petitioner having filed a pro se petition under 28 U.S.C. § 2255 to vacate his § 924(c) conviction on April 21, 1997, and this Court having imposed the same sentence of 322 months' imprisonment to be followed by five years of supervised release on March 23, 1998, and petitioner currently being held in federal custody for his convictions in this Court, and petitioner having submitted a Motion for Reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) on May 28, 2008, and the government having responded to such Motion on July 24, 2008, and the Court having considered all matters raised, and

**WHEREAS** the United States Sentencing Commission retroactively reduced the base offense level associated with each quantity of crack by two levels, see U.S.S.G. §§ 1B1.10(c) & 2D1.1 (2007); United States v. Garcia, 339 F.3d 116, 120 (2d Cir. 2003), and

**WHEREAS** district courts have jurisdiction to modify previously-imposed sentences where the cocaine range on which the

sentences were based have subsequently been lowered, <u>United States v. Regalado</u>, 518 F.3d 143, 150-51, and

**WHEREAS** this Court has reconsidered the relevant factors set forth in 18 U.S.C. § 3553(a) as well as the relevant Sentencing Commission policy statements, and

**WHEREAS** petitioner's disciplinary record while in Bureau of Prisons' custody contains a long list of significant disciplinary sanctions while incarcerated, including fighting with another inmate (January 2005 and July 2003), engaging in sexual acts (September 2002, July 1998, August 1994, and January 1994), possessing and using intoxicants in prison (July 2001 and March 1999), possessing marijuana (June 1995), possessing a dangerous weapon (February 1994), and assault (July 1991), it is

**ORDERED** that petitioner has not demonstrated that he is entitled to a reduction in sentence, and it is further

**ORDERED** that petitioner's Motion for Reduction of his sentence shall be and hereby is denied.

**It is SO ORDERED**

DATED:   New York, New York
         August 1, 2008

_____
John E. Sprizzo
United States District Judge

2